## Munkenbeck *v*. Philadelphia Rapid Transit Company, Appellant.

*Negligence—Automobiles—Street car—Collision—Evidence.*

In an action of trespass to recover damages to an automobile resulting from a rear end collision with a street car, judgment for the plaintiff will be reversed, where there was no evidence showing how the accident occurred or of any facts from which negligence could be found or legally inferred on the part of defendant's employees.

Argued October 21, 1927. Appeal No. 261, October T., 1927, by defendant from M. C., Philadelphia County, January T., 1925, No. 1444, in the case of Lawrence

Munkenbeck v. Philadelphia Rapid Transit Company.
Before PORTER, P. J., HENDERSON, TREXLER, KELLER,
LINN, GAWTHROP and CUNNINGHAM, JJ.   Reversed.

Trespass to recover for damages to an automobile.
Before BROWN, J., without a jury.

The facts are stated in the opinion of the Superior
Court.

The Court entered judgment for the plaintiff in the
sum of $750.00.   Defendant appealed.

*Error assigned*, among others, was the refusal of
defendant's motion for judgment non obstante vere-
dicto.

*J. V. Lovitt* and with him *J. J. K. Caskie* for appel-
lant.

*Joseph M. Gazzam, Jr.,* and with him *Richard Hay
Woolsey,* for appellee.

OPINION BY KELLER, J., March 2, 1928:

As plaintiff's automobile .was traveling eastward
on Dauphin Street, Philadelphia, it was run into by
defendant's trolley freight car.   This action in tres-
pass was brought in the Municipal Court to recover
the damages sustained.   It was tried by a judge with-
out a jury.

The plaintiff's statement averred that the "collision
was due to the careless and negligent manner in which
the defendant's trolley car was then and there oper-
ated, managed and controlled."   The supporting evi-
dence was very meager.   Considered in the light most
favorable to plaintiff, as must be done, it amounted
to no more than this: Plaintiff's driver was going
north on Broad Street intending to turn east into
Dauphin Street.   When about twenty feet south of
the intersection he looked and saw defendant's trolley

freight car standing still on Dauphin Street west of Broad Street. He turned east into Dauphin Street and had traveled about 50 to 75 feet after the turn when his automobile was hit in the rear by the defendant's car and knocked into a pole on the sidewalk. The evidence fails to disclose definitely what part of the automobile was hit by the car, or what part of the car hit the automobile. It was probably a glancing blow on the left rear for it knocked the automobile to the right and apparently did no damage to the car.

There is but a single street car track on Dauphin Street, and on this the cars move eastward. Dauphin Street is of ordinary width and there is ample room to turn into it from Broad Street without going on the trolley track at all. There is no evidence in the case as to why or when plaintiff's driver got on the track, or whether he got on at all, or was hit by the overhang of the trolley car. Whether the defendant's motorman was guilty of negligence would depend on the circumstances attending the collision. If plaintiff's driver, by reason of vehicles parked along the side of the street, was compelled to turn onto the track, and did so sufficiently long enough ahead of the car to enable the motorman, if he was looking, to stop the car, without hitting the automobile, the defendant would be chargeable with negligence. On the other hand if the plaintiff's driver suddenly drove on, or so near, the track as to be hit by the car, and the motorman was unable to stop his car in time to avoid the collision, the defendant would not be chargeable with negligence, but the plaintiff would.

Neither the plaintiff's driver nor his companion at the time related any of the circumstances from which defendant's negligence could be inferred. The mere happening of the accident gave rise to no such inference, and the plaintiff's evidence amounts to nothing more than a statement that the car hit the automobile.

The case is barren of any evidence.as to why the automobile drove on the track, when it did so with relation to the trolley car, how long it was on the track before it was struck, or if struck off the track by the overhang of the trolley car, when it got so near the track as to be hit and how long it had so proceeded before it was hit. In short there was no evidence of any facts from which negligence on the part of defendant's employes could be found or legally inferred, and its motion for binding instructions should have been sustained. The first and second assignments of error specifying the refusal of defendant's point and the discharge of the motion for judgment non obstante veredicto are sustained. It is not necessary to consider the others.

The judgment is reversed and is now entered for the defendant.