Metrick et ux. *v.* Phila. R. T. Co., Appellant et al.
Emily Myron, a Minor, *v.* Phila. R. T. Co.,
Appellant et al.

Argued October 3, 1930.

Before TREXLER, P. J., KELLER,

Linn, Gawthrop, Cunningham, Baldrige and Whit-
more, JJ.

*Warwick Potter Scott,* for appellants.

*Bryan A. Hermes,* and with him *Otto Kraus, Jr.,*
for appellee.

Opinion by Keller, J., December 12, 1930:

That the driver of the taxicab in which these plain-
tiffs were riding was guilty of negligence in collid-
ing with appellant's trolley car is not disputed. The
point in issue is whether there was sufficient evidence
of the concurrent negligence of the appellant's motor-
man to take the cases to the jury. The verdict re-
solves all disputed questions of fact in favor of the
plaintiffs, but giving them the benefit of all the evi-
dence favorable to them and all inferences which may
reasonably be drawn from them, a majority of the
court are satisfied that there was not sufficient evi-
dence of the motorman's negligence to justify the
submission of the cases to the jury.

The taxicab in which plaintiffs were riding was
being driven east on Columbia Avenue approaching

Thirteenth Street. The appellant maintains a double trolley track on Columbia Avenue and a single track on Thirteenth Street, which is a one-way street, with traffic northbound. Traffic moves both ways on Columbia Avenue. Appellant's trolley car was standing on Thirteenth Street just south of Columbia Avenue as the taxicab started to turn from the north side of Columbia Avenue into Thirteenth Street. The taxicab went about twenty feet after it started to turn when it was struck on the right rear by the left front corner of the trolley car, which stopped at once. There is no evidence as to how long before the collision occurred the taxicab had gotten on or too close to the street railway track. As the automobile traffic moved northward on both sides of the track, it was possible for the taxicab to turn northward into Thirteenth Street without getting on the Thirteenth Street trolley track at all; and if the driver suddenly and without warning drove on or so close to the track as to be unavoidably hit by the trolley car, the collision is no proof of negligence on the part of the motorman. The case is not the same as if traffic had moved both ways on Thirteenth Street. Then in order to go north the taxicab would have had to cross appellant's track. Here there was no such necessity and a lurch upon or too close to the track so suddenly that a collision could not be avoided would be no ground for recovery against the Transit Company. The mere fact that the motorman saw the taxicab driver about to turn into Thirteenth Street would not of itself put him on notice that the latter intended to cross the trolley track or come so close to it as to cause a collision.

The case is barren of any evidence showing how long the taxicab was on appellant's track, or in a position where it was evident it would be hit, before the collision occurred, and unless it was there long

enough to permit the motorman to stop his car and avoid the collision, the appellant would not be liable: Munkenbeck v. Phila. R. T. Co., 92 Pa. Superior Ct. 442, 444.

The first assignment of error is sustained. The judgments are reversed and are now entered in favor of the appellant, Philadelphia Rapid Transit Company, non obstante veredicto.